# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

DWAYNE GARRETT, )
)
      Plaintiff, )
)
v. ) No. 4:17-CV-232 CEJ
)
ST. LOUIS COUNTY JUSTICE CENTER, )
)
      Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, Dwayne Garrett, an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court will assess an initial partial filing fee of $1.00 at this time. Furthermore, based upon a review of the complaint, the Court finds that the Court will appoint counsel, and counsel will be required to file an amended complaint in this matter.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Although plaintiff has submitted an affidavit of indigence, he has not submitted a true certified account statement. Instead plaintiff has submitted what appears to be a receipt from the commissary, showing an account balance of $18.83. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51.

This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, claiming violations of his civil rights. Plaintiff has named the St. Louis County Justice Center, a non-suable entity, as a defendant in this action. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Plaintiff has also named as defendants: Reverend Stanley; Officer Unknown Morton; Case Manager Unknown Childress; Herbert Bernsen (Director, St. Louis County Justice Center); Lieutenant Unknown Howard; Officer Unknown Dixon; Nurse Jamie Unknown; Unit Manager Unknown Hopkins; Officer Unknown Corcoran; Lieutenant Unknown Overton; and Jane and John Doe Medical Staff at the St. Louis County Justice Center. Plaintiff brings this action against the defendants in both their individual and official capacities.[1]

Plaintiff alleges that when he was taken to the St. Louis County Justice Center in October 2016, he informed the intake officers that he was a homosexual, that he was receiving female

---

[1]Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation.

hormone treatments, and that he had "well developed breasts." Plaintiff asked for "ADA" accommodations,[2] specifically for protection from rape and sexual harassment and assault. Despite his objections, however, he was housed with male inmates. As a result, he was subjected to a violent sexual assault for which he needed medical treatment. He alleges that unnamed doctors knew of his injuries but refused to provide him the immediate medical attention he needed. Instead, he was allowed to bleed constantly from his rectum for weeks. Plaintiff claims that the delay in treatment has resulted in a need for reconstructive surgery.

Plaintiff further alleges that Officer Dixon refused to allow him to call the hotline for reporting sexual abuse in order to report the assault.[3] He alleges that Officer Childress refused to allow him to wear a bra to hide his breasts in an effort to prevent another assault. He alleges that Officer Morton allowed other male inmates to touch and grope him.

Plaintiff also alleges that he is of the Wiccan faith, and his requests for a Wiccan Bible and other materials was denied. According to plaintiff, Reverend Stanley told him, "We don't carry that type of material. You people are weird." He alleges that Lt. Howard told him that "we don't buy religious materials for inmates" and that he would not provide any Wiccan materials or access to "them people" or allow "devil worshipping" in the jail. Plaintiff alleges that he filed a grievance claiming that the Justice Center failed to follow the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*[4]

---

[2] Plaintiff states that he also informed the intake officers that he suffers from diabetes and epilepsy.
[3] Plaintiff claims that no one at the Justice Center called the police to report the rape.
[4] RLUIPA does not authorize individual capacity claims against prison officials. *See Blake v. Cooper,* 2013 WL 523710, *1 (W.D. Mo. Feb. 12, 2013). While RLUIPA allows official capacity claims against prison officials, it does not authorize monetary damages based on official-capacity claims. *See Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009).

In his request for relief, plaintiff seeks to have an area in the Justice Center set aside for LGBT persons, as well as cameras placed in all other areas for safety reasons. Plaintiff also seeks an award of damages for his pain and suffering.

In three separate motions, plaintiff seeks "injunctive relief," in which he requests transfer to a federal prison.[5] In support of his motion, plaintiff refers to his "violent rape," and he states that he feels unsafe in the County Jail, in part, because no one has reported the rape to the police.

## Discussion

After reviewing the complaint, the Court finds that only some of plaintiff's claims would survive review at this time. *See* 28 U.S.C. § 1915. Nonetheless, the Court does not wish to dismiss any of plaintiff's claims at this time.

The Court finds that the plaintiff's allegations supporting a failure to protect claim and a deliberate indifference claim based on the Eighth Amendment, as well as his claim based on RLUIPA survive frivolity review. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Alberson v. Norris*, 458 F.3d 762, 765-66 (8th Cir. 2006) (A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment.); *see also*, *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (plaintiff sufficiently alleged that the delay in treatment adversely affected his condition and prognosis, in that he alleged the delay in treatment necessitated extensive reconstructive surgery); 42 U.S.C. § 2000cc, et seq., ("No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . ."); *LaPlante v. Massachusetts Dept. of Corrections*, 89 F.Supp.3d 235 (D.Mass. 2015) (rules regarding worship substantially burdened inmate's religious exercise regarding Wiccan faith).

---

[5] Plaintiff is being held in the St. Louis County jail pursuant to a state court judgment. *See State v. Garrett*, No. 09SL-CR09826-01 (21st Judicial Circuit, St. Louis County Court).

Therefore, counsel will be appointed to represent plaintiff and will be allowed to amend the complaint. Additionally, although plaintiff's request for "transfer to a federal prison" is not legally possible, see *Meachum v. Fano,* 427 U.S. 270 (1976), the Court is not unmindful of plaintiff's concern about his safety. If plaintiff's counsel wishes to renew the request for injunctive relief relating to plaintiff's housing assignment, the Court will entertain such a request.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #5] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding

**IT IS FURTHER ORDERED** that appointed counsel will be required to file an amended complaint by separate Order.

**IT IS FURTHER ORDERED** that plaintiff's motions for injunctive relief [Doc. #4, #6 and #7] are **denied without prejudice**.

Dated this 7th day of March, 2017.

/s/ Carol E. Jackson
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE