UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWAYNE GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-00232-NCC |
| | ) |
| HERBERT L. BERNSEN, | ) |
| in his official capacity, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Herbert L. Bernsen's Motion to Dismiss (Doc. 28). The motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) (Doc. 39). For the following reasons, Defendant's Motion will be **GRANTED**.

### I. Legal Standard for a Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show " 'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 1999).

## II. Background

On January 19, 2017, *pro se* Plaintiff Dwayne Garrett ("Plaintiff")[1] filed a Complaint pursuant to 42 U.S.C. § 1983, a "Motion for Injunctive Relief and Counsel," and a "Motion for Counsel" (Docs. 1, 4, 5). On March 7, 2017, the Honorable Carol E. Jackson granted Plaintiff's request for counsel and directed the Clerk of Court to appoint counsel pursuant to the Plan for the Appointment of Pro Bono Counsel (Doc. 8). Judge Jackson also denied Plaintiff's motion for injunctive relief in which he requested to be moved to a federal prison, without prejudice, in light of the appointment of counsel (Doc. 9). On May 15, 2017, Plaintiff, with the assistance of newly appointed counsel, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 against Defendant Herbert L. Bernsen ("Defendant") in his official capacity only for failure to protect (Count I) and deliberate indifference to serious medical needs (Count II) (Doc. 23). Defendant Bernsen is the Director for the St. Louis County Department of Justice Services, the organization responsible for the management, operation, and security of the Saint Louis County Justice Center (the "Justice Center") (*Id.*). Plaintiff indicates that:

> A reasonable opportunity for further investigation and discovery will likely reveal evidentiary support for claims against other defendants, namely, Justice Center staff member(s) in their individual capacity(ies) for failure to protect Plaintiff and for

---

[1] Plaintiff's counsel refers to Plaintiff using male pronouns and indicated during the Rule 16 Conference that this was Plaintiff's preference. As such, the Court will refer to Plaintiff using male pronouns.

2

deliberate indifference to his serious medical needs, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

(*Id.* at ¶5 n.1). As of today's date, Plaintiff has not filed an amended complaint and the time to so under the Case Management Order has expired (*See* Doc. 44).

The facts, in the light most favorable to Plaintiff, are as follows. On October 12, 2016, Plaintiff began his period of incarceration at the Justice Center (Doc. 23 at ¶6). During intake, Plaintiff informed the intake officials including a nurse and an officer on duty that he is a homosexual transgender person who receives female hormone therapy and has breasts (*Id.* at ¶7). He further informed the intake officials that due to his sexual identity and physical traits, the facility should be mindful of his safety and careful in selecting his cellmate (*Id.*). However, on October 13, 2016, booking officers placed Plaintiff with a cellmate who was exhibiting plainly observable behavioral abnormalities (*Id.* at 8). Such abnormalities included pacing his cell in the nude, and lifting up Plaintiff's bed covers to look for a cellular phone despite a clear restriction on cellular phones in the facility (*Id.*).

That same day, Plaintiff was permitted to briefly leave his cell and go to a common area (*Id.* at ¶9). While there, Plaintiff told the officer on watch that he was fearful of his safety due his cellmate's strange behavior (*Id.*). The officer told Plaintiff that the Justice Center does not change cellmate assignments for the "convenience" of the inmates (*Id.*). He instructed Plaintiff to return to his cell (*Id.*).

That night, Plaintiff's cellmate woke him up and attempted to force him to perform oral sex (*Id.* at ¶10). When Plaintiff refused, the cell mate violently assaulted Plaintiff, sodomized him with a travel-sized shampoo bottle, and raped him (*Id.*). Afterward, Plaintiff was bleeding from his rectum (*Id.* at ¶11). Plaintiff used a towel to clean himself and changed out of his bloodied boxers and pants into a clean uniform (*Id.*).

Although the Justice Center has a policy requiring officers to monitor inmate activities at night by patrolling the halls surrounding inmate cells and pushing buttons, that night officers were socializing in a rotunda outside the cellblock (*Id.* at ¶¶12-13). Consistent with prior practice, officers only rushed back into the cellblock to push the buttons when required, and then returned to the rotunda to socialize (*Id.* at ¶13).

After the incident, Plaintiff's cellmate pushed a call button to summon an officer under the pretext that he needed to see his girlfriend (*Id.* at ¶15). Once an officer arrived, Plaintiff immediately reported to the officer that he had just been raped by his cellmate and needed medical attention (*Id.* at ¶16). Plaintiff pleaded with the officer to remove him from the cell but the officer refused (*Id.*). Plaintiff, in an effort to be removed, told the officer he was suicidal, causing the officer to remove Plaintiff from the cell and strap him to a metal chair (*Id.* at ¶¶17-18). The officer then threatened Plaintiff, telling Plaintiff that he would wish he had simply stayed in his cell (*Id.* at ¶18).

Approximately twenty minutes later, a nurse arrived (*Id.* at ¶19). Plaintiff explained to the nurse that he was not suicidal but had just been sexually assaulted and was bleeding from his rectum (*Id.*). The nurse told Plaintiff that because Plaintiff reported the he was suicidal, Justice Center procedure prohibited Plaintiff from returning to his cell until a psychologist could examine him (*Id.* at ¶20). Nonetheless, the nurse allowed Plaintiff to return to his cell (*Id.*). When Plaintiff returned to his cell, his cellmate was gone, along with the bloody items that had been in the cell (*Id.* at ¶21).

That evening, Plaintiff filled out a grievance form reporting the sexual assault and resulting medical needs (*Id.* at ¶22). Because Plaintiff never received a response to his grievance, Plaintiff submitted a written appeal to Defendant Bernsen and also wrote Defendant Bernsen letters about the assault and his medical needs (*Id.* at ¶¶23-24). Plaintiff never received

4

a response from Defendant Bernson (*Id.* at ¶25).

In the ensuing weeks, Plaintiff made complaints to Justice Center officials about his sexual assault and rectal injuries, including via sick call forms, grievances, and verbal communications (*Id.* at ¶26). However, Justice Center officials, including a physician, repeatedly disregarded Plaintiff's complaints (*Id.* at ¶¶27-28, 30). The physician refused to treat Plaintiff's injuries and instead simply wrote him a prescription for Zoloft, an antidepressant (*Id.* at ¶29). To prevent his bleeding from seeping through his clothing, Plaintiff was forced to stuff toilet paper in his underwear for weeks (*Id.* at ¶31). Plaintiff began to request medical attention for rectal pain without referencing the sexual assault because Justice Center officials ignored Plaintiff's requests for medical attention (*Id.* at ¶32). Finally, in December 2016, medical staff provided sanitary pads to Plaintiff to prevent the rectal bleeding from seeping through Plaintiff's clothing (*Id.*).

In January 2017, Plaintiff was finally transported to St. Louis University Hospital ("SLU") for further treatment relating to rectal bleeding (*Id.* at ¶40). SLU medical staff identified a trauma induced lesion in Plaintiffs rectum that had not healed correctly (*Id.*). As a result, Plaintiff needs to undergo further examination under anesthesia and surgery to prevent his injuries from worsening (*Id.*). Plaintiff has repeatedly inquired about his next SLU appointment date, but he has not been provided with a date (*Id.* at ¶41).

On June 2, 2017, Defendant Bernsen filed a Motion to Dismiss asserting that Plaintiff does not allege that Defendant was personally involved in the alleged unconstitutional behavior and that the doctrine of *respondeat superior* cannot be the basis of liability in a section 1983 action (Doc. 28 at 1). Defendant further asserts that Plaintiff fails to allege sufficient facts to establish that his alleged injuries were a result of an official policy or unofficial custom (*Id.*). In his response to the motion, Plaintiff indicates that he does not seek to bring this case under a

5

*respondeat superior* theory of liability but instead pleads that Defendant Bernsen is liable pursuant to *Monell* municipal liability theory because Plaintiff's injuries were a result of the Justice Center's custom, policy, or practice to (1) fail to ensure the safety and physical wellbeing of inmates and (2) fail to treat the serious medical needs of inmates (Doc. 32 at 10). *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). As such, the Court will address only the *Monell* liability issue.

### III. Analysis

When a state or municipal official is sued in his official capacity, the claim is treated as a suit against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). In *Monell*, the Supreme Court established that an entity may be sued under section 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the entity. 436 U.S. at 690. Although Plaintiff need not identify the specific unconstitutional policies at this stage, he must, at the very least, allege facts that would support the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004).

The Court finds that Plaintiff has not sufficiently alleged facts which would support the existence of an unconstitutional official policy or unofficial custom to establish *Monell* liability under section 1983. While Plaintiff asserts several instances where he may have been unconstitutionally harmed by individuals potentially acting in accordance with or in violation of a policy or custom, Plaintiff only identifies one specific practice in violation of a policy that could be linked to a constitutional harm. Plaintiff alleges, in violation of protocol requiring correctional officers to push buttons that are intermittently placed along the path that officers must patrol in the cellblock, officers congregate and socialize in a rotunda outside the cellblock, do not monitor the cells, and, when it is time to push a button, one officer rushes back into the

cellblock to push it and then returns to the rotunda (Doc. 23 at ¶13). A reasonable inference, in the light most favorable to Plaintiff, is that this custom, a violation of an explicit policy designed to require frequent monitoring of the cells, resulted in the failure to protect Plaintiff from being raped by his cellmate. However, even reviewing this claim in the light most favorable to Plaintiff, these allegations remain too threadbare to survive a motion to dismiss. Furthermore, Plaintiff has indicated a willingness to amend his complaint. For example, in his Amended Complaint Plaintiff pleads that discovery will reveal "that there is and has been a custom, policy, or practice" to: (1) "fail to ensure the safety and physical wellbeing of inmates at the Justice Center," and (2) "fail to treat the serious medical needs of inmates at the Justice Center" (Doc. 23 at ¶¶48, 59). Plaintiff also indicates that he intends to bring additional claims potentially against other parties (*Id.* at ¶5 n.1). Accordingly, the Court will grant Defendant's motion but, in the interests of justice, grant Plaintiff leave to amend his complaint.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Herbert L. Bernsen's Motion to Dismiss (Doc. 28) is **GRANTED.** Plaintiff shall amend his complaint within fourteen (14) days of this order.

Dated this 5th day of February, 2018.

                                  /s/ Noelle C. Collins
                                  NOELLE C. COLLINS
                                  UNITED STATES MAGISTRATE JUDGE