UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DWAYNE GARRETT, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 4:17-CV-00232-NCC |
| HERBERT L. BERNSEN, in his official capacity, PIERRE COCHRAN, in his individual capacity, MARY HASTINGS, in her individual capacity, BRIAN MITCHELL, in his individual capacity, and GERARD KEARNEY, in his individual capacity, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court Plaintiff Dwayne Garrett's Motion for Voluntary Dismissal without Prejudice and Memorandum in Support pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 99). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) (Docs. 39, 65). Defendants Gerard Kearney and Mary Hastings filed responses to Plaintiff's Motion (Docs. 102, 103), and Plaintiff filed a reply (Doc. 107). Defendants Herbert L. Bernsen, Pierre Cochran, and Brian Mitchell did not respond to Plaintiff's Motion, and the time for doing so has lapsed. Therefore, the Motion is ripe and ready for disposition. For the following reasons, Plaintiff's Motion will be **GRANTED**.

Plaintiff, who identifies as a homosexual transgendered person, filed this action pursuant to 42 U.S.C. §§ 1983 and 1988 relating to an alleged sexual assault that took place against Plaintiff while then incarcerated at a St. Louis County correctional facility (Doc. 47). Plaintiff's

operative Second Amended Complaint was filed on February 20, 2018 (*id.*), and Plaintiff moved to voluntarily dismiss on January 11, 2019 (Doc. 99). Defendants Kearney, Hastings, Cochran, and Mitchell have answered and have not stipulated to dismissal (Docs. 61, 68).[1] Therefore, this action may be dismissed by Court order, on terms that this Court considers proper. Fed. R. Civ. P. 41(a)(2). A district court has wide discretion in making its decision, and "the very concept of discretion presupposes a zone of choice within which the trial courts may go either way." *See*, *e.g.*, *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 727–28 (8th Cir. 2014) (internal quotation and citation omitted). When exercising this discretion, the "district court should consider . . . whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Id.* (internal citations and quotations omitted). After careful consideration of these factors, the Court finds dismissal is appropriate.

First, while Defendants Kearney's and Hastings's main argument is that Plaintiff is seeking to dismiss for an improper purpose because of his stated intent to refile this case, they have cited no on-point, binding case law indicating that it would be improper for Plaintiff to subsequently refile under the circumstances presented here (Docs. 102, 103). *See Kackley v. CMS*, No. 8:05CV284, 2006 WL 120150, at *1 n.1 (D. Neb. Jan. 17, 2006) (citations omitted) ("Even if the court were to dismiss for failure to exhaust administrative remedies, such a dismissal [under the PLRA] would be without prejudice. . . . A former prisoner, after release from custody, may file the identical case (as a nonprisoner-plaintiff), but without the exhaustion requirement and the other restrictions imposed by the PLRA . . . . The PLRA does not apply to a plaintiff who is a

---

[1] The Court denied Defendant Bernsen's second motion to dismiss on July 26, 2018 (Doc. 76). His answer was due fourteen days thereafter. Fed. R. Civ. P. 12(a)(4)(A). Defendant Bernsen had no answer on file as of the date Plaintiff filed his motion to dismiss. Therefore, dismissal against Defendant is proper absent a court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

nonprisoner when the complaint is filed, even if the complaint deals with matters which occurred during imprisonment."); *accord Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015) (dismissals for failure to exhaust under the Prison Litigation Reform Act are without prejudice); *Barbee v. Corr. Med. Servs.*, 394 F. App'x 337, 338 (8th Cir. 2010) (district court was "required" to dismiss unexhausted PLRA claims "without prejudice"); *Houston v. Norris*, 220 F. App'x 442, 443 (8th Cir. 2007) (affirming dismissal without prejudice when plaintiff, who was prisoner at time of filing of initial complaint but was then released during the pending litigation, failed to exhaust administrative remedies); *Whittington v. Isgrig*, No. 2:13-CV-16-DDN, 2013 WL 4776276, at *2 (E.D. Mo. Sept. 6, 2013) (denying motion to dismiss based on failure to exhaust administrative remedies when plaintiffs were released from prison after the original complaint was filed, noting plaintiffs could simply refile their complaint).[2] Furthermore, there is no indication Plaintiff seeks to dismiss in order to refile in a different forum, *e.g.*, state court, and Defendants Kearney and Hastings do not assert that is Plaintiff's intent. *Cf. Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011) (finding improper purpose when plaintiff's stated intent was to dismiss to refile in state court and avoid federal jurisdiction).

Second, a dismissal in this case would not result in a waste of judicial time and effort. While time has elapsed from the filing of the Second Amended Complaint, Plaintiff argues no depositions have taken place, no motions for summary judgment have been filed, the current trial date is over eight months away, and Defendants seek to continue the trial date into 2020 (Doc. 99 at 4). Defendants do not contradict these statements and concede, explicitly and implicitly, that the case is still relatively in its infancy despite the time pending. For example, they concede new counsel recently entered the case and are still trying "to get up to speed," "discovery was delayed

---

[2] These cases are also relevant to the arguments Defendants Kearney and Hastings make regarding any prejudice they might suffer relating to the exhaustion defense. None of the Defendants raised exhaustion in their answers to the Second Amended Complaint.

pending entry of new counsel" and because of "several holidays and scheduled vacations," only written discovery has been exchanged, and no experts have been disclosed (Docs. 92, 98, 100). Under these circumstances, dismissal is appropriate. *See*, *e.g.*, *Mullen*, 770 F.3d at 728 (grant of voluntary dismissal did not result in waste of time and effort "because the case had not progressed very far" but "was still in the early ages of discovery," noting the Eighth Circuit has "upheld granting motions to dismiss without prejudice when the cases were much further along"); *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.,* 999 F.2d 1257, 1262–63 (8th Cir. 1993) (upholding voluntary dismissal after initial discovery was completed and defendants filed a motion for summary judgment); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 971 (8th Cir. 1984) (upholding district court's voluntary dismissal after plaintiff presented all but one witness at trial).

Third, neither the two Defendants who oppose Plaintiff's Motion nor the three who do not demonstrate sufficient prejudice.[3] The Court finds the main prejudice that Defendants might suffer is the filing of a subsequent lawsuit. This potential prejudice does not rise to a level that warrants denial of Plaintiff's Motion. *See*, *e.g.*, *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) (internal quotations and citation omitted) ("Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the

---

[3] Defendant Kearney raises a potential statute of limitations argument. But Defendant Kearney does not argue he would *lose* a statute of limitations argument; instead, he argues he would potentially *gain* a statute of limitations argument if Plaintiff dismisses and refiles (Doc. 103). *Cf. Metro. Fed. Bank of Iowa*, 999 F.2d at 1262–63 (loss of a statute of limitations defense constitutes legal prejudice). The Court is not persuaded that Defendant would suffer certain legal prejudice given previous rulings in this Circuit addressing the statute of limitations in § 1983 cases. *See*, *e.g.*, *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 766–67 (8th Cir. 2005) (holding § 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations); *Kitchen v. Miller*, 343 F. Supp. 2d 820, 822 (E.D. Mo. 2004) (rejecting argument that statute of limitations in § 1983 action depends on the particular claim and defendant, and holding five-year limit applies to claims against healthcare provider for deliberate indifference to medical needs). Importantly, moreover, Defendant may raise this defense, which has not been raised in Defendant's answer in this matter, should Plaintiff refile.

whole point in dismissing a case without prejudice"); *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987) ("Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Dwayne Garrett's Motion for Voluntary Dismissal without Prejudice (Doc. 99) is **GRANTED**.

**IT IS FURTHER ORDERED** that the remaining pending motions are **DENIED** (Docs. 88, 91, 92, 98, and 106), **as moot**.

**IT IS FURTHER ORDERED** that any discovery taken in the instant case shall be preserved and available for use in any subsequent action involving the claims and Defendants in this case.

**IT IS FURTHER ORDERED** that the Case Status Conference scheduled for February 12, 2019 (Doc. 37), and all other deadlines are **VACATED**.

**IT IS FINALLY ORDERED** that this case is **DISMISSED**, without prejudice, with each party to bear their own costs.

A separate order of dismissal will accompany this Order.

Dated this 8th day of February, 2019.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE